IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTION DIVISION

| | | |
|---|---|---|
| CHASTITY ROXANE BROWN | § § § § § § § § | CIVIL ACTION 3:18-CV-00297 |
| VS. | | |
| COSTCO WHOLESALE CORPORATION | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHASTITY ROXANE BROWN, Plaintiff in the above entitled and numbered cause, complaining of and against COSTCO WHOLESALE CORPORATION, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. PARTIES

1. Plaintiff, CHASTITY ROXANE BROWN, is an individual who resides in Wharton, Texas.

2. Defendant, COSTCO WHOLESALE CORPORATION, is a corporation that is incorporated in Washington with its principal place of business in Washington. Defendant is doing significant business in the State of Texas and may be served by and through its registered agent for service of process, CT Corporation System located at 1999 Bryan St., Ste. 900 in Dallas, Texas 75201-3136.

### B. JURISDICTION AND VENUE

3. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this

case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant occurred within this Judicial District.

## C. FACTUAL ALLEGATIONS

5. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries, which she sustained on or about November 21, 2016, when she went to Costco Wholesale, located at 17520 Southwest Freeway, Sugarland, Texas, 77479. Plaintiff was an invitee of Costco because she went to Costco to become a member and/or apply for a job, something mutually beneficial to both parties. When Plaintiff arrived at the store, an employee was handing out membership applications. Because it was her first time at this Costco, this employee invited her to look around and get a feel for the store, so that she could decide if she wanted to become a member and/or apply for a job at this location.

6. A second employee of Costco was pushing a cart filled with trash bags through the store. One of the trash bags overhung the side of the cart and was leaking, and the employee left behind a trail of liquid on the floor as he pushed the cart. This employee did not have a wet floor sign with him. This employee left the cart and the trail of liquid on the floor unattended. While this employee was absent, Plaintiff slipped on the liquid and fell. She suffered injuries to several areas of her body, including her back, hands, and neck.

7. A third employee helped Plaintiff up and offered to help Plaintiff make a report. This employee stood near the liquid until a wet floor sign was placed on the floor. When the second employee returned, he was scolded by the third employee for failing to get the assistance of a fellow staff member to stand by the liquid and direct customers away from it while another staff member went to seek a wet floor sign.

8.     Due to her injuries, Plaintiff sought treatment at a chiropractic facility where she was diagnosed with: lumbar sprain/strain, lumbar IVD degeneration, thoracic sprain/strain, cervical intersegmental dysfunction, muscle spasm, and lower extremity intersegmental dysfunction. She sought treatment at this facility for several months.

9.     Plaintiff continued experiencing pain from her injuries and sought additional treatment with Dr. Froilan Francisco to help alleviate this pain. In addition Plaintiff has received MRIs from One Step Diagnostic for her injuries. The MRIs showed she has discogenic disease and facet joint arthropathy in the lower spine.

### D.  CLAIMS FOR RELIEF

#### Premises Liability

10.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 9.

11.    At the time of the accident made the basis of this suit,

   a. Plaintiff, who entered the Costco for the mutual benefit of both parties and was given an express invitation to enter, was an invitee on Costco's premises.  As a result, Defendant owed a duty of reasonable care to Plaintiff at the time of the incident made the basis of this suit.

   b. Defendant had actual or constructive knowledge of an unsafe condition on the premises in the form of liquid on the floor at the Costco store visited by Plaintiff;

   c. The unattended liquid on the floor posed an unreasonable risk of harm to Plaintiff because it increased the likelihood Plaintiff would fall and injure herself;

   d. Defendant breached its duty by:
      i. failing to maintain a reasonably safe premises;
      ii. failing to properly train its employees to keep the premises free of hazards;
      iii. knowingly disregarding inherent dangers of liquid on the floor where customers walk;

        iv. failing to warn about and/or eliminate dangerous conditions in the customer walkway;
        v. failing to take adequate precautionary measures to keep the floor free and clear of liquid;
        vi. recklessly disregarding the safety of Plaintiff;
        vii. other acts deemed negligent.

    e. Defendant's failure to use such care proximately caused Plaintiff's injuries.

12. Defendant is vicariously liable for the negligent acts and/or omissions of its employees.

13. As a result of said occurrence, Plaintiff suffered continuous pain in her lower back, hands, and feet, which resulted in not only physical pain, but also mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

## Negligence

14. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 13.

15. In the alternative, the above-mentioned incident occurred as a result of and was proximately caused by the ongoing negligent conduct of the Defendant's employee, who was continuing to transport leaking garbage bags around the store. At the time of the accident made the basis of this suit:

    a. Defendant owed Plaintiff a duty of ordinary care to make safe or warn about any concealed, unreasonably dangerous condition that the landowner was aware of, or reasonably should have been aware of, and the invitee was not.

    b. Defendant breached its duty by:

        i. failing to act as a reasonably prudent person by allowing liquid to spill onto the floor and remain there without cleaning it up;
        ii. failing to place a wet floor sign near the spilled liquid;
        iii. failing to properly train its employees to keep the premises free of hazards;

      iv. failing to take adequate precautionary measures to keep the floor free and clear of liquid;
      v. recklessly disregarding the safety of Plaintiff;
      vi. other acts deemed negligent.

  c. Defendant's breach of its duty proximately caused Plaintiff's injuries. It was foreseeable that liquid on the floor could cause injury, especially because there was no sign or other warning method to make Plaintiff or other customers aware of the danger.

16. As a result of said occurrence, Plaintiff suffers continuous pain in her lower back, hands, and feet, which result in not only physical pain but also mental anguish and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

### E. DAMAGES

17. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 16.

18. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

  a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

  b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

  c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

  d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

19. To the extent that the Plaintiff suffered from any pre-existing conditions, Plaintiff would show that such conditions, if any, were asymptomatic and were aggravated as a result of the incident made the basis of this case.

### F.  JURY DEMAND

20. Plaintiff demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Complaint.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHASTITY ROXANE BROWN, prays that, after trial on the merits, she have judgment against Defendant, COSTCO WHOLESALE CORPORATION for the following:

    a. Sum in excess of the minimum jurisdictional limits of this Honorable Court;
    b. Actual damages;
    c. Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d. Costs of court; and
    e. Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

Alan Kolodny
SBN: 24056882
S. D. of Texas:  1267978
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com

**ATTORNEY "IN CHARGE" FOR PLAINTIFF**